# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| FRIEDA AARON, et al. | : | Consolidated Case No. 1:13-CV-202 |
| Plaintiffs, | : | JUDGE: TIMOTHY BLACK |
| | : | MAGISTRATE: KAREN L. LITKOVITZ |
| v. | : | |
| | : | DEFENDANTS, ATIQ DURRANI, M.D. |
| ABUBAKAR ATIQ DURRANI, | : | AND CENTER FOR ADVANCED SPINE |
| M.D., et al. | : | TECHNOLOGY'S (CAST) MOTION FOR |
| | : | GAG ORDER |
| Defendants. | : | |

Comes now the Defendants, Atiq Durrani, M.D. and Center For Advanced Spine Technology (hereinafter "Durrani and CAST"), and hereby move this Court to issue a Gag Order, prohibiting all counsel, their representatives and the parties from making further public statements concerning this matter to the press and/or via social media outlets including but not limited to websites, Facebook and Twitter. This Motion is supported by the attached Memorandum and exhibit.

Respectfully submitted,

RENDIGS, FRY, KIELY & DENNIS, L.L.P.

*s/Michael P. Foley*
Michael P. Foley (0061227)
James J. Englert (0051217)
Paul W. McCartney (0040207
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381-9200
Facsimile: (513) 381-9206
Email address: mfoley@rendigs.com
                 jenglert@rendigs.com
                 pmccartney@rendigs.com
*Trial Counsel for Defendant, Abubakar Atiq Durrani, M.D.*

And

    s/James F. Brockman
Michael F. Lyon, Esq. (0006749)
James F. Brockman, Esq. (0009469)
Bradley D. McPeek, Esq. (0071137)
LINDHORST & DREIDAME
312 Walnut St., Suite 3100
Cincinnati, OH 45202
Phone: 513.421.6630
Facsimile: 513.421.0212
Email address: mlyon@lindhorstlaw.com
jbrockman@lindhorstlaw.com
bmcpeek@lindhorstlaw.com
*Trial Co-Counsel for Abubakar Atiq Durrani, M.D. and Counsel for Center for Advanced Spine Technologies, Inc.*

## **MEMORANDUM**

Plaintiffs' counsel has filed cases in State and Federal Court including the instant case on behalf of several hundred Plaintiffs making claims against Dr. Durrani and CAST for, among other things, medical malpractice, fraud and RICO violations. Since the inception of these matters, Plaintiffs' counsel has repeatedly made comments, many of which are inappropriate, about Dr. Durrani and the cases he has filed and/or intends to file through various media outlets. He has referred to Dr. Durrani as the "Butcher of Pakistan" and has posted various letters and transcripts of conversations with alleged "informants" on his website, blog, Facebook, and in pleadings, which directly concern Plaintiffs' allegations against Dr. Durrani and the other Defendants. These and other countless statements/comments made by Plaintiffs' counsel and his staff serve no other purpose than to sway the public and thus potential jurors, and prejudice them against Dr. Durrani and other Defendants. These statements and postings also constitute "frivolous conduct," as they serve merely to harass or maliciously injure another party to the civil action. (See R.C. § 2323.51 (A)(2)(i).)

Defendants recognize that the attorneys are charged with the responsibility of zealously representing their clients. However, this must proceed within the confines of the law and mandates established by the courts. Plaintiffs' counsel's various statements to the press and other social media outlets exceed this. Plaintiffs' counsel's inflammatory statements require judicial oversight and cause the Defendants to respectfully request this Court to prohibit all counsel, their representatives, and the parties from making statements to the press and via social media outlets.

The State Court Judge, Guy Guckenberger, who is currently handling cases in Butler County concerning the Defendants, has already entered a Gag Order in that case which would be appropriate for this case. (See attached as Exhibit 1.)

Before a court may properly and prospectively limit access of free speech, there must be specific findings demonstrating that there is: 1) a substantial probability that Defendants' right to a fair trial will be prejudiced by publicity that the Gag Order would prevent; and 2) there exists no reasonable alternative that will adequately protect the Defendants' right to a fair trial. *Press-Enterprise Co. v. Superior Court* 478 U.S. 1, 14 (1986). Courts have long recognized that "the trial court may *sua sponte* issue a Gag Order upon the parties to the litigation without an evidentiary hearing." *Affeldt v. Carr* (N.D. Oh. 1986), 628 F. Supp. 1097, 1101.

The right to a fair trial, both in civil and criminal cases, is one our most cherished values, and . . . a trial judge should have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity. *CBS Inc. v. Young*, 522 F. 2d 234, 241 (6th Cir. 1975). See also *Affeldt v. Carr*, 628 F. Supp. At 1101 (Gag Orders fall within the court's prerogative to maintain appropriate decorum in the administration of justice and to protect the rights of the litigants from prejudice.)

3

The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court and not by an outside influence whether of private talk or public print. *CBS Inc.*, 522 F. 2d at 241 citing *Patterson v. Colorado* 205 U.S. 454, 462 (1907). In this regard, trial judges are charged with the primary responsibility of insuring that the judicial proceedings over which he or she presides are carried out with decorum and dispatch and thus, judges have very broad discretion in ordering the day-to-day activities of his or her court. *CBS Inc.* at 241.

In the current litigation, statements and comments issued by Plaintiffs' counsel and/or his staff were prepared to influence potential jurors and public opinion. Likewise, these statements were made with the intent to harass and maliciously injure the Defendants.

The rules for professional conduct in Ohio already provide that a lawyer "shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of the public communication and will have a substantial likelihood of materially prejudicing a judicative proceeding in the matter. Ohio Rules for Professional Conduct § 3.6 (a).

Thus, counsels' past conduct and apparent violation of the Ohio Rules for Professional Conduct, § 3.6 supports Defendants' request for a blanket Order prohibiting all counsel, their representatives, and the parties from making further statements to the press and/or via other social media outlets. Out of court statements/comments need to be curtailed in order to preserve all parties' inalienable right to a fair trial by an impartial jury.

For the foregoing reasons, Defendants respectfully request this court grant the within Motion and issue a Gag Order similar to the one issued by Judge Guy Guckenberger in Butler County attached hereto as Exhibit 1 or as this Court deems appropriate.

Respectfully submitted,

RENDIGS, FRY, KIELY & DENNIS, L.L.P.

*s/Michael P. Foley*
Michael P. Foley (0061227)
James J. Englert (0051217)
Paul W. McCartney (0040207
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381-9200
Facsimile: (513) 381-9206
Email address: mfoley@rendigs.com
jenglert@rendigs.com
pmccartney@rendigs.com
*Trial Counsel for Defendant, Abubakar Atiq Durrani, M.D.*

And

*s/James F. Brockman*
Michael F. Lyon, Esq. (0006749)
James F. Brockman, Esq. (0009469)
Bradley D. McPeek, Esq. (0071137)
LINDHORST & DREIDAME
312 Walnut St., Suite 3100
Cincinnati, OH 45202
Phone: 513.421.6630
Facsimile: 513.421.0212
Email address: mlyon@lindhorstlaw.com
jbrockman@lindhorstlaw.com
bmcpeek@lindhorstlaw.com
*Trial Co-Counsel for Abubakar Atiq Durrani, M.D. and Counsel for Center for Advanced Spine Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed via the Court's CM/ECF system and, therefore, served upon all parties via their counsel of record this 26th day of August, 2013.


                                                    *s/Michael P. Foley*
                                                    Michael P. Foley

1134096.1 – 10963.8