UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRIEDA AARON, *et al.*, | : | Case No. 1:13-cv-202 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT (Doc. 46) AS TO THE PROPOSED SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFFS LEAVE TO AMEND IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE**

This civil action is before the Court on Plaintiffs' Motion to Amend the Complaint (Doc. 46), Plaintiff's Supplemental Memorandum in Support of the Motion to Amend (Doc. 52), and the parties' responsive memoranda (Docs. 59, 61, 62, 63, 67, 68, and 69).

**I. BACKGROUND**

On March 22, 2013, Plaintiffs filed *Aaron, et al. v. Durrani, et al.*, No. 1:13-cv-202. (Doc. 1 in Case No. 1:13-cv-202). A week later, on March 29, 2013, Plaintiffs filed *Aaron, et al. v. Medtronic Sofamor Danek, Inc, et al.*, No. 1:13-cv-214. (Doc. 1 in Case No. 1:13-cv-214). Subsequently, on April 29, 2013, Plaintiffs filed virtually identical Amended Complaints in both cases. (Doc. 19 in Case No. 1:13-cv-202; Doc. 13 in Case No. 1:13-cv-214).

On July 25, 2013, as part of its response to Defendants' various motions to

dismiss, Plaintiffs filed the instant motion, which seeks leave to amend the Amended Complaints, and attaches proposed Second Amended Complaints in both cases. (Doc. 46 in Case No. 1:13-cv-202; Doc. 29 in Case No. 1:13-cv-214).

Subsequently, on August 5, 2013, this Court issued an Order consolidating the cases and ordering that all future filings be made under Consolidated Case No. 1:13-cv-202. (Doc. 55 in Case No. 1:13-cv-202; Doc. 34 in Case No. 1:13-cv-214). All further citations will therefore be to Case No. 1:13-cv-202, unless otherwise indicated.

## II. STANDARD OF REVIEW

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend its pleadings as a matter of course if the amendment is filed within 21 days after service of a 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to file an amended complaint after the 21 day grace period, he is required to seek leave of the court to do so, and Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The United States Supreme Court has held that motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In the final analysis, granting or denying a request to amend a complaint is left to the broad discretion of the district court. *Gen. Elec. Co. v. Sargeant & Lundy*, 916 F.2d

1119, 1130 (6th Cir. 1990).

## III. ANALYSIS

The Federal Rules of Civil Procedure require litigants to set forth a short and plain statement of the claims demonstrating that the pleaders are entitled to relief. Fed. R. Civ. P. 8(a)(2). The rule requires Plaintiffs "to edit and organize their claims and supporting allegations into a manageable format." *Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2012 U.S. Dist. LEXIS 74676, at *5 (E.D. Ky. July 22, 2010).

It is well established that prejudice to the non-moving party is the touchstone to the denial of an amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3rd Cir. 1993). Prejudice includes undue difficulty in prosecuting or defending a loss as the result of the tactics of the other party. *Deakyne v. Comm'rs of Lewes,* 416 F.2d 290, 300 (3rd Cir. 1969). The Sixth Circuit has also strongly discouraged courts from granting parties leave to file amended complaints that are substantially similar to the original or first amended complaint. *Taylor Group v. ANR Storage*, 24 Fed. App'x 319, 321 (6th Cir. 2001).

The practice of incorporating by reference allegations in a separate proceeding is inappropriate and violates Fed. R. Civ. P. 8(a). *See United States v. Int'l Longshoreman's Ass'n*, 518 F. Supp. 2d 422, 464 (E.D.N.Y. 2007) (the "Court should not be required to read through six different pleadings […] in addition to various peripheral documents, in order to decipher the basic elements of the Government's claim in this action, nor should the defendants be expected to undertake such an endeavor in preparing an Answer to the Amended Complaint"); *see also Davis v. Bifani*, No. 07-cv-00122-MEH-BNB, 2007 U.S. Dist. LEXIS 30080, at *3 (D. Colo. Apr. 24, 2007) ("the Court

does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action […] Such a practice violates the requirements of Fed. R. Civ. P. 8(a)"). Courts have repeatedly upheld the dismissal of RICO complaints and/or denied leave to amend for failure to comply with Fed. R. Civ. P. 8's pleading requirements.[1] "[A]lthough RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8[…]" *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994). *See also Nevijel v. N. Coast Life Ins. Co*, 651 F.2d 671 (9th Cir. 1981); *Infanti v. Scharpf*, No. 06 CV 6552(ILG), 2008 WL 2397607 (E.D.N.Y June 10, 2008).

By contrast, and much like Plaintiffs' original Amended Complaint, the proposed Second Amended Complaint ("SAC") is largely unintelligible, inappropriately incorporates by reference numerous allegations from other civil cases in violation of the rules, and is anything but short and plain. Plaintiffs plead their case in part by attempting to adopt and incorporate by reference numerous lawsuits filed against Dr. Durrani and

---

[1] *See Plymale v. Freeman*, No. 90-2202, 1991 U.S. App. LEXIS 6996 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 298 (D.C. Cir. 1993) (noting the dismissal of RICO claim by district court for failure to comply with Rule 8(a)); *Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F.Supp.2d 786, 795 (E.D.N.Y. 1998) (dismissing an "excessively long-winded" RICO complaint for violation of Civil Rule 8); *Cardional Vines Carter v. Twin Valley Behavior*, No. 2:12-cv-795, 2012 U.S. Dist. LEXIS 168064, at *3 (S.D. Ohio Nov. 27, 2012) ("courts should not grant leave to amend where the amendment would be futile […] In other words, amendments need not be granted if the amended complaint would not survive an initial screen or a motion to dismiss"); *Hill v. Bank of Am., Inc.*, 512 Fed. Appx. 905, 907 (11th Cir. 2013) (the "court may also deny leave to amend where the plaintiff fails to show that the amended complaint satisfies Rule 8(a)"); *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (holding a district court was well within its discretion to deny the motion for leave to amend where the plaintiff was in violation of Rule 8(a)).

other narratives that are unrelated to this federal litigation.  (Doc. 46-2 at ¶¶ 3, 5, 282-84).

The practice of "'incorporating' hundreds of pages of prior pleadings," without "guidance

as to which specific allegations are intended to be deemed incorporated, fails to satisfy"

Plaintiffs' burden under Fed. R. Civ. P. 8 and forces Defendants and the Court to pick

through allegations and facts contained in numerous pages of unrelated cases and other

documents without giving any notice of which allegations or information Plaintiffs intend

to use to support their claims.  *Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d at 466.

Further demonstrating its unintelligibility, the proposed SAC also apparently

incorporates by reference Exhibit E of the product liability complaint, which "is the Civil

Rico claim supporting the claims."  (Doc. 62 at 6).  In other words, to incredibly

confusing effect, the proposed SAC ultimately manages to adopt and incorporate itself.

The proposed SAC also purports to incorporate documents that are not "written

instruments" in violation of Fed. R. Civ. P. 10(c).  "An 'instrument' […] defines rights,

duties, entitlements, or liabilities.'"  *Copeland v. Aerisyn, LLC*, No. 1:10–CV–78, 2011

WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (quoting Black's Law Dictionary (9th ed.

2009)).  Plaintiffs' various attached complaints and narratives are not "instruments" but

rather constitute precisely the type of "lengthy or numerous exhibits containing

extraneous […] material [that] should not be attached to the pleadings."  5A Charles A.

Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (3rd. ed. 2009).

The proposed SAC further multiplies the Amended Complaint's failure to provide

particularized allegations for each of the Plaintiffs by adding numerous new Plaintiffs

without providing any specific allegations on their behalf.  (Doc. 46-2 at ¶ 4).  Many of

-5-

the Plaintiffs' names appear nowhere other than in the list of purported Plaintiffs. "The costs of […] litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 558 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). It is well-settled law that named plaintiffs may not rely on general class allegations to support their claims, but rather must show that each, individually, is entitled to relief. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3rd Cir. 1998). If each Plaintiff can state a plausible claim against Defendants, any amended complaint must allege the specific facts "showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Finally, Plaintiffs repeatedly refer to "Defendants" collectively and fail to give the individual Defendants proper notice of what they have allegedly done wrong. "The counts […] lump Defendants together without clearly linking specific wrongs to them individually" and "[a] complaint that 'lump[s] all the defendants together and fail[s] to distinguish their conduct[,] […] fail[s] to give adequate notice to the […] defendants as to what they did wrong." *Infanti*, 2008 WL 2397607 at 2 (quoting *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 01 CV 11502(GBD), 2003 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004)). Much like its failure to specify the harms alleged by each Plaintiff, the proposed SAC further violates Fed. R. Civ. P. 8 by repeatedly failing to specify the harms allegedly caused by each Defendant.

The arguments raised in Defendants' memoranda in opposition to Plaintiffs'

-6-

motion to amend regarding the proposed SAC's violation of Fed. R. Civ. P. 8 are well taken and the Court draws Plaintiffs' careful attention to them.  Nevertheless, the Court is cognizant of the interests of justice and of Fed. R. Civ. P. 15's mandate that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

### IV.    CONCLUSION

Accordingly, based on the foregoing:

1. As to the proposed Second Amended Complaint (Doc. 46-2), Plaintiffs' Motion to Amend the Complaint (Docs. 46 and 52 in Case No. 1:13-cv-202; Docs. 29 and 32 in Case. No. 1:13-cv-214) is **DENIED**;

2. Plaintiffs are **GRANTED** leave to file a Second Amended Complaint that complies with the requirements of Fed. R. Civ. P. 8 as described herein and in Defendants' memoranda in opposition to this motion.  Plaintiffs' failure to amend properly, as ordered and pursuant to rule, may be cause for dismissal; and

3. Consequently, all pending motions to dismiss the Amended Complaint and all related motions (Docs. 22, 23, 25, 30, 31, 56, 57, and 58 in Case No. 1:13-cv-202; Docs. 15, 20, 21, 27, 35, 36, and 37 in Case No. 1:13-cv-214) are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: 9/12/13                                                            *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge