UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRIEDA AARON, *et al.*, | : | Consolidated Case No. 1:13-cv-202 |
| | : | (including Case No. 1:13-cv-214) |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
PLAINTIFFS' [REVISED SECOND] AMENDED COMPLAINT (Doc. 83)
AND TERMINATING THESE CASES IN THIS COURT**

At the core, Plaintiffs seek recovery in federal court under anti-racketeering laws ("RICO") for their state law personal injury claims, a practice which the Sixth Circuit has expressly rejected. *See Jackson v. Sedgwick*, 731 F.3d 556 (6th Cir. 2013) (*en banc*). Simply stated, RICO "is not a means for federalizing personal injury tort claims arising under state law." *Id.* at 568-69.

Among other things, if the Court were to accept Plaintiffs' theory, any hospital will have engaged in a pattern of racketeering activity when a credentialed physician of the hospital is accused of committing medical malpractice. This is nonsense.

Despite having filed no fewer than seven complaints in these consolidated cases, Plaintiffs have never alleged facts supporting the existence of a plausible claim under RICO or Ohio RICO. Plaintiffs' latest clumsy attempt to repackage medical malpractice and product liability claims is without any plausible basis, notwithstanding its prolixity.

1

## I.  PROCEDURAL POSTURE

In the first of at least six cases filed in this Court by the same plaintiffs' attorney, Eric C. Deters,[1] on March 23, 2013, ninety three Plaintiffs filed a "Civil Rico Complaint" against multiple parties.  (Doc. 1).  The Complaint contained but one Count, which purported to allege racketeering violations against the Defendants under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.§§ 1961, *et seq*. ("RICO").  Six days later, Mr. Deters filed a virtually identical case in this Court, Case No. 1:13cv214, on behalf of additional Plaintiffs.  In both cases, before any Defendant responded to either Complaint, on April 29, 2013, Plaintiffs filed, as a matter of right, a First Amended Complaint in each case (Docs. 19 and 13).   In the months that followed, all responding Defendants filed motions to dismiss the First Amended Complaints.  In response, on July 25, 2013, Plaintiffs then filed their Motion to Amend the Complaint and Proposed Second Amended Complaint in each case (Doc. 46 and 29).  On August 5, 2013, this Court consolidated these two cases.

On September 12, 2013, the Court denied Plaintiffs' Motion to Amend (Doc. 76). The Court observed that "much like Plaintiffs' original Amended Complaint, the proposed Amended Complaint is largely unintelligible, inappropriately incorporates by reference numerous allegations from other civil cases in violation of the rules, and is anything but short and plain."  (*Id.* at 4.)  However, the Court permitted Plaintiffs to file a to-be-revised Second Amended Complaint, expressly requiring, however, that the new

---

[1]  Mr. Deters is currently suspended from the practice of law for matters unrelated to these cases

complaint must "compl[y] with the requirements of Fed. R. Civ. P. 8 as described herein and in Defendants' memoranda in opposition to this motion." (*Id.* at 7). The Court specifically warned Plaintiffs that "failure to amend properly, as ordered and pursuant to rule, may be cause for dismissal." (*Id.*).

In response to the Court's Order, Plaintiffs filed their revised Second Amended Complaint (the "SAC") on October 25, 2013 (which pleading, Plaintiffs' counsel oddly titled First Amended Complaint). (Doc. 83). Whatever the title of the pleading, in it Plaintiffs' counsel flagrantly ignores this Court's prior instructions and brazenly repeats practices in the SAC which this Court has already condemned.[2] While the Court presumes that Plaintiffs' counsel read the Court's Order of September 12, 2013, the SAC surely does not evidence that counsel did so.

The primary change in the revised SAC is that Plaintiffs have added 976 new paragraphs of factual summaries of Plaintiffs' state law medical malpractice claims. In general, the summaries recite the basic allegations from the Plaintiffs' respective state law medical malpractice claims and occasionally make conclusory statements such as "all [Defendants] knew the mails and wires would be used to communicate with this Plaintiff." None of the summaries provide specific examples of the dates or content of any communication between any Plaintiff and any Defendant.

---

[2] For example, this Court advised that "[t]he practice of incorporating by reference allegations in a separate proceeding [*i.e.*, lawsuit] is inappropriate and violates Fed. R. Civ. P. 8(a)." (Doc. 76 at 3). Nevertheless, Plaintiffs' counsel repeats the practice in the SAC, and, indeed, in their Response summarily declare, without citation to any authority, that their "incorporation of exhibits by reference is not improper." Alas, Plaintiffs' counsel is both dead wrong and stunningly brazen.

3

## II. STANDARDS OF REVIEW

The Federal Rules of Civil Procedure require litigants to set forth a short and plain statement of the claims demonstrating that the pleaders are entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The rule requires Plaintiffs "to edit and organize their claims and supporting allegations into a manageable format."  *Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2012 U.S. Dist. LEXIS 74676, at *5 (E.D. Ky. July 22, 2010).

"[A]lthough RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8[...]."  *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994).  *See also Nevijel v. N. Coast Life Ins. Co*, 651 F.2d 671 (9th Cir. 1981); *Infanti v. Scharpf*, No. 06 CV 6552, 2008 WL 2397607 (E.D.N.Y June 10, 2008).  Courts have repeatedly upheld the dismissal of RICO complaints and/or have denied leave to amend for failure to comply with Fed. R. Civ. P. 8's pleading requirements.[3]

---

[3] *See Plymale v. Freeman*, No. 90-2202, 1991 U.S. App. LEXIS 6996 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 298 (D.C. Cir. 1993) (noting the dismissal of RICO claim by district court for failure to comply with Rule 8(a)); *Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F.Supp.2d 786, 795 (E.D.N.Y. 1998) (dismissing an "excessively long-winded" RICO complaint for violation of Civil Rule 8); *Hill v. Bank of Am., Inc.*, 512 Fed. Appx. 905, 907 (11th Cir. 2013) (the "court may also deny leave to amend where the plaintiff fails to show that the amended complaint satisfies Rule 8(a)"); *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (holding a district court was well within its discretion to deny the motion for leave to amend where the plaintiff was in violation of Rule 8(a); *See also Cardinal Vines Carter v. Twin Valley Behavior*, No. 2:12-cv-795, 2012 U.S. Dist. LEXIS 168064, at *3 (S.D. Ohio Nov. 27, 2012) ("courts should not grant leave to amend where the amendment would be futile […] In other words, amendments need not be granted if the amended complaint would not survive an initial screen or a motion to dismiss")).

To reiterate, to show grounds for relief in a pleading, Fed. R. Civ. P. 8(a) requires that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Further, notwithstanding Plaintiffs' counsel's unsupported opinion, the practice of incorporating by reference allegations in a separate proceeding is inappropriate and violates Fed. R. Civ. P. 8(a). *See United States v. Int'l Longshoreman's Ass'n*, 518 F. Supp. 2d 422, 464 (E.D.N.Y. 2007); *see also Davis v. Bifani*, No. 07-cv-00122-MEH-BNB, 2007 U.S. Dist. LEXIS 30080, at *3 (D. Colo. Apr. 24, 2007) ("the Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action […] Such a practice violates the requirements of Fed. R. Civ. P. 8(a)"); *see also Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d at 466.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend its pleadings as a matter of course if the amendment is filed within 21 days after service of a 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to file an amended complaint after the 21 day grace period, he is required to seek leave of the court to do so, and Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or

5

unfairly prejudice the opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). And the Sixth Circuit has strongly discouraged courts from granting parties leave to file amended complaints that are substantially similar to the original or first amended complaint. *Taylor Group v. ANR Storage*, 24 Fed. App'x 319, 321 (6th Cir. 2001). In the final analysis, granting or denying a request to amend a complaint is left to the broad discretion of the district court. *Gen. Elec. Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

In evaluating a motion under Fed. R. Civ. P. 12(b)(6), the Court should not accept legal conclusions as true, nor should it accept conclusory allegations that the elements of the claims have been satisfied. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Twombly*, 550 U.S. at 555. The allegations of the complaint must rise above the speculative level and be plausible on their face. *Twombly,* 550, U.S. at 555, 558. The Sixth Circuit recently held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and all well-pled facts in the complaint must be accepted as true. *Savoie v. Martin,* 673 F.3d 488, 492 (6th Cir. 2012) (citations omitted).[4]

---

[4] Plaintiffs rely upon the standard of review articulated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41 (1957). However, this standard of review was "retired" by the Supreme Court seven years ago. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. THE MOTIONS TO DISMISS THE SAC SHALL BE GRANTED BECAUSE PLAINTIFFS FAIL TO MEET THE PLEADING REQUIREMENTS OF THE CIVIL RULES IN THE SAC

#### A. Plaintiffs' SAC is anything but a short and plain statement.

Civil Rule 8(a) requires a short and plain statement of the claim demonstrating that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Sixth Circuit has previously upheld the dismissal of a RICO complaint for failure to comply with Rule 8's pleading requirements. *Plymale*, 1991 U.S. App. LEXIS 6996; *see also Hines,* 995 F2d. at 298; *Resource N.E. of Long Island, Inc.*, 28 F.Supp.2d at 795. Plaintiffs' SAC is anything but a short and plain statement.

In this case, Plaintiffs' SAC is procedurally inappropriate and virtually incomprehensible. Plaintiffs appear content to let the Defendants and the Court sift through 976 paragraphs of largely irrelevant factual summaries to attempt to determine the basis of Plaintiffs' RICO claims. However, beyond Plaintiffs' factual summaries of medical malpractice claims, the SAC contains nothing more than a series of legal conclusions levied against all Defendants. Plaintiffs generally simply make broad allegations against "All named Defendants." Thus, the proposed SAC further violates Fed. R. Civ. P. 8 by entirely failing to specify the harms allegedly caused by each Defendant. This failure is fatal, because, as the Court previously advised Plaintiffs, lumping the Defendants together for the purposes of all allegations fails "to give the *individual* Defendants proper notice of what they have allegedly done wrong." (Doc. 76 at 6 (emphasis added) (citing *Infanti*, 2008 WL 2397607 at * 2 (quoting *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 01 CV 11502(GBD), 2003 WL

7

2813121, at *7 (S.D.N.Y. Dec. 8, 2004)).[5]

Reviewing the entire SAC, it is impossible to identify a single instance where Plaintiffs make an allegation of a specific action by a specific Defendant that supports their claims.  Instead, Plaintiffs lump all Defendants together and attempt to pass off legal conclusions as factual allegations.  The lack of any specific detail, beyond descriptions of Plaintiffs' medical treatment, is especially egregious given that Plaintiffs proffer a 159-page complaint.

Plaintiffs' conclusory allegations do not and cannot support their claims.

### B. Plaintiffs continue to reference portions of the null first Complaint.

"Once an amended pleading is interposed, the original pleading no longer performs any function in the case."  6 Wright, Miller & Kayne, Federal Practice and Procedure § 1476, pp. 556-57 (2nd ed. 1990).  Thus, "an amended complaint supersedes the original complaint and renders the initial pleading a **nullity**."  *Simpson v G4S Secure Solution (USA), Inc.*, 2013 U.S. Dist. LEXIS 50844 (W.D. Tenn. Apr. 8, 2013) (emphasis added) (citing *B & H Med. L.L.C. v ABP Admin., Inc.,* 526 F.3d 257, 268 (6th Cir. 2008)).  *See also Parry v Mohawk Motors of Mich., Inc.,* 236 F.3d. 299, 306 (6th Cir. 2000).

Here, despite the Court's clear instructions to the contrary, Plaintiffs continue to attempt to incorporate portions of the original Complaint and its Exhibits into the SAC.

---

[5] "The counts […] lump Defendants together without clearly linking specific wrongs to them individually" and "[a] complaint that 'lump[s] all the defendants together and fail[s] to distinguish their conduct[,] […] fail[s] to give adequate notice to the […] defendants as to what they did wrong." *Infanti*, 2008 WL 2397607 at *2 (quoting *Appalachian Enters., Inc.,* 2003 WL 2813121 at *7).

8

Specifically, Plaintiffs state that:

> Pursuant to Rule 9(B) **Plaintiffs base their Rico claims on** a mail or wire fraud scheme with the time, place, content of, and parties to the fraudulent communications, which deceived plaintiffs by those **communications described in Exhibits A, B and C of the Complaint** and Exhibit A and B to this First Amended Complaint.  (emphasis in original removed; emphasis added). (Doc. 83 at ¶ 1245).

However, Plaintiffs cannot again rely on Exhibits A, B and C of the original Complaint to satisfy their pleading obligations.  Referring to these very same Exhibits, this Court stated in its September 12, 2013 Order:

> Plaintiffs' various attached complaints and narratives are not "instruments" but rather constitute precisely the type of "lengthy or numerous exhibits containing extraneous […] material [that] should not be attached to the pleadings."  5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1327 (3rd. ed. 2009).  (Doc. 76 at 5).

As another federal district court has held:  this "proposed method of pleading necessary elements of [a] RICO claim by incorporating factual allegations [from other cases] is **a "blatant violation of Rule 8(a)(2)**'s direction that a civil plaintiff provide a short plain statement of the claim showing that the pleader is entitled to relief."  *Int'l Longshoreman's Ass'n*, 518 F. Supp. 2d at 463 (internal quotation marks omitted) (emphasis supplied).

And, similarly, as the Court warned Plaintiffs' counsel previously, Plaintiffs' attempt to incorporate its Exhibits A and B, one a criminal indictment and the other a Medtronic package insert, is likewise a violation of the Civil Rules, as to the former because it is a pleading in another case, see *Int'l Longshoreman's Ass'n*, 518 F. Supp. 2d at 463, and as to the latter because it is not an "instrument" that can be attached pursuant

9

to Civil Rule 10(b).  (*See* Doc. 76 at 5 (citing *Copeland v. Aerisyn, LLC*, No. 1:10-CV-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011)).

Accordingly, Plaintiffs fail to meet the pleading requirements of Civil Rule 8(a).

### IV. THE MOTIONS TO DISMISS THE SAC SHALL BE GRANTED BECAUSE PLAINTIFFS' CLAIMS ARE BASED ON PERSONAL INJURY, WHICH ARE EXCLUDED UNDER RICO.[6]

Plaintiffs' claims in this RICO case must be dismissed for lack of standing.  Sixth Circuit precedent is clear that personal injuries, such as those claimed by Plaintiffs here, are not injuries to "business or property," as required to state a claim under RICO.  *Jackson v. Sedgwick*, 731 F.3d 556, 565 (6th Cir. 2013) (*en banc*).  This limitation ensures that RICO is not expanded to provide "a federal cause of action and treble damages to every tort plaintiff."  *Oscar v. University Students Co-op Ass'n,* 965 F.2d 783, 786 (9th Cir. 1992) (*en banc*), *cert. denied*, 506 U.S. 1020 (1992).

Plaintiffs' collective claims relate entirely to their individual medical malpractice claims, which is emphasized by Plaintiffs' inclusion of a 976-paragraph summary of these claims.  Thus, Plaintiffs' only claims for damages relate directly to alleged consequential damages stemming from Plaintiffs' surgeries which were performed by Dr. Durrani.  These damages are the exact same damages that Plaintiffs seek to recover in their separately filed medical malpractice actions.  Plaintiffs are simply attempting to

---

[6] Plaintiffs wholly fail to address this argument. By ignoring this argument, Plaintiff concedes it. *See Miller v. Rosenker*, 578 F.Supp.2d 107, 111-12 (D.D.C. 2008) (Plaintiff failed to respond to … six arguments that Defendant made in his motion to Dismiss … [and] [a]s a consequence, Plaintiff is deemed to have conceded all six of these arguments…."), *reversed in part* by *Miller v. Hersman*, 594 F.3d 8 (C.A.D.C. 2010); *see also Fox. v. Am. Airlines*, 295 F.Supp.2d 56, 58 (D.D.C. 2003), *aff'd* 389 F.3d 1291 (2004).

recast their medical malpractice claims as RICO claims. Plaintiffs lack standing to assert RICO claims.

The Sixth Circuit has held that RICO "'excludes recovery for personal injuries.'" *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 644 (6th Cir. 1986) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479 (1985) (Marshall, J., dissenting)). Under RICO, both personal injuries and pecuniary losses flowing from those personal injuries are insufficient to confer standing under § 1964(c). *Brown v Cassens Tranps. Co.*, 675 F.3d 946, 970 (6th Cir. 2012) (citing *Evans v City of Chicago,* 434 F.3d 916, 926 (7th Cir. 2006); *Grogan v. Platt,* 835 F.2d 844 (11th Cir. 1988)). Because Plaintiffs' alleged damages are intimately related to their personal injuries, Plaintiffs do not have standing to sue under RICO. *Lewis v. Drouillard*, 788 F.Supp.2d 567 (E.D. Mich. 2011); *See also Fisher v. Halliburton*, Nos. 05-1731, 06-1971, 06-1168, 2009 U.S. Dist. LEXIS 117427, at *24-25 (S.D. Tex. Dec. 17, 2009).

Plaintiffs' RICO claims allege that their damages to "business or property" arise from "out-of-pocket financial losses, lost co-payments and deductibles, lost wages, lost economic opportunities, lost fringe benefits and their right to make an insurance claim" due to issues which arose following each of Plaintiffs' surgeries. (*See* Doc. 83 at ¶1243). All of the injuries to Plaintiffs identified in the SAC arose directly from Dr. Durrani's alleged medical malpractice.[7]

---

[7] Plaintiffs' alleged claims for "lost economic opportunities" are "mere expectancy interests" which cannot form the basis for damages under RICO. *Lewis,* 788 F. Supp. 2d at 571.

11

The facts of this case are substantially similar to those recently examined by the Court of Appeals for the Second Circuit in *Gotlin v. Lederman,* 483 Fed. Appx. 583, 2012 U.S. App. LEXIS 8790 (2d Cir. 2012). The court in *Gotlin* found that:

> Plaintiff only has standing [to bring a civil action under RICO] if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). The words "'business or property' … refer to commercial interests or enterprises." *Hawaii v Standard Oil Co. of Cal.,* 405 U.S. 251, 264, 92 S. Ct. 885, 31 L. Ed 2d 184 (1972). Accordingly, "injuries [that] are personal in nature" do not constitute injury to "business or property" as those terms are used in RICO. *Laborers Local 17 Health and Benefit Fund v Philip Morris, Inc.,* 191 F.3d 229, 241(2d Cir. 1999). … [P]laintiffs' monetary losses were incidental to their personal injuries, and so cannot constitute injuries to "property" as required to state a RICO claim. *See id.*

*Gotlin,* 483 Fed. Appx. at 586. An identical analysis governs Plaintiffs' claims.

Here, all of Plaintiffs' claimed damages were incidental to their personal injuries resulting from the alleged unnecessary surgical procedures performed by Dr. Durrani. As such, Plaintiffs have not alleged an injury to their "business or property," separate and distinct from their claims for personal injury, and, therefore, their RICO claims must be dismissed.

### V. THE MOTIONS TO DISMISS THE SAC SHALL BE GRANTED BECAUSE PLAINTIFFS FAIL TO PLEAD MAIL AND WIRE FRAUD WITH PARTICULARITY UNDER RULE 9(B).

Plaintiffs' allege mail fraud and wire fraud as the predicate acts supporting their RICO claims. But Plaintiffs' claims fail to plead fraud with particularity as required by Civil Rule 9(b).

12

A RICO plaintiff alleging mail and wire fraud "at a minimum must allege the time, place and content of the alleged misrepresentation on which she relies, the fraudulent scheme, the fraudulent intent of the Defendants, and the injury resulting from the fraud." *Perkins,* 2012 U.S. Dist. LEXIS 87987 at *8-13 (dismissing plaintiff's RICO complaint with prejudice due to her "simply referencing statutory requirements for mail and wire fraud" without pointing to specific allegations) (citing *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)).

Plaintiffs never allege the so-called "time, place and content of and parties to" any claimed fraudulent communications by any Defendant. All that Plaintiffs allege is that "All named Defendants in this complaint knew" that wires and mails would be used "to further the scheme" and that Defendants used the mails and wires for their billing. These vague allegations fail to meet the basic elements of pleading mail and wire fraud. At no point does Plaintiff identify a particular communication, the date of the communication, the location of the sender or receiver of any communication, nor the contents of any communication. Plaintiffs in their Response blithely assert that they are not required to plead with this sort of specificity. Alas, this is just another misstatement of the law.[8] *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990) (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) ("Rule 9(b) requires plaintiffs at a minimum 'to allege the time, place and contents of the misrepresentations upon which he relied.'")

---

[8] *See* footnotes 2 and 4 *supra*.

Plaintiffs have failed to meet their burden of pleading fraud with particularity under Rule 9(b) and, thus, Plaintiffs fail to allege properly a violation of RICO.

### VI. THE MOTIONS TO DISMISS THE SAC SHALL BE GRANTED BECAUSE PLAINTIFFS FAIL TO PLEAD PROPERLY THE ELEMENTS OF A RICO VIOLATION.[9]

To state a § 1962(c) RICO claim, a plaintiff must plead a person's "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima*, 473 U.S. at 496. In this case, Plaintiffs have utterly failed to plead properly any of the elements of a RICO claim.

#### A. Plaintiffs fail to plead "conduct" as required by the RICO Act

Plaintiffs fail to allege "conduct" of any specific Defendant that supports a claim under RICO. To establish a claim under RICO, a plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962 (c). "The essence of a RICO violation is a defendant's conduct in relation to an enterprise." *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989).

In *Reves v Ernest & Young,* 507 U.S. 170, 183 (1993), the Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise. Defendants

---

[9] Plaintiffs wholly fail to address this argument. By ignoring this argument, Plaintiff concedes it. *See Rosenker*, 578 F.Supp.2d at 111-12 ("Plaintiff failed to respond to … six arguments that Defendant made in his motion to Dismiss … [and] [a]s a consequence, Plaintiff is deemed to have conceded all six of these arguments…."), *reversed in part* by *Hersman*, 594 F.3d 8; *see also Fox*, 295 F.Supp.2d at 58, *aff'd* 389 F.3d 1291 (2004).

14

must have "conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs. *Id.* at 185 (emphasis in original). Here, Plaintiffs' bare allegations do not even suggest that any Defendant, other than Dr. Durrani, ever participated in the fraudulent operation or management of an enterprise.

### B. Plaintiffs fail to plead the existence of a RICO "enterprise"

"A properly pled RICO claim must cogently allege activity 'that would show on-going, coordinated behavior among the defendants that would constitute an association-in-fact.'" *Begala v PNC Bank, Ohio,* at 781 (quoting *Frank v. D'Ambrosi*, 4 F.3d 1378 (6th Cir. 1993)). "Simply stating in a conclusory fashion that Moving Defendants constitute an association-in-fact is insufficient." *Neiman Marcus Group, Inc. v. Dispatch Transp. Corp.*, 2011 WL 1142922 (S.D.N.Y. 2011).

Here, as in *Begala*, Plaintiffs have alleged nothing more than legal conclusions that Defendants are an enterprise, without any factual allegations of organization or "coordinated behavior" among the Defendants. Plaintiffs fail to allege facts that the Defendants formed an ongoing organization, that they functioned as a continuing unit, and that the organization was separate from the patterns of racketeering activity that Plaintiffs allege. Each and all of these failings are fatal. *See VanDenBroeck,* 210 F.3d at 699; *Frank*, 4 F.3d at 1386; *HMV Props., LLC v. IDC Ohio Mgmt., LLC,* 2011 U.S. Dist. LEXIS 1161 (S.D. Ohio Jan. 2, 2011).

Nothing in the SAC demonstrates any fraudulent collaboration between the Defendants. Plaintiffs offer no facts in support of the existence of a RICO enterprise.

### C. Plaintiffs fail to plead a "pattern" of "racketeering activity" required by RICO

To establish a substantive RICO violation, a plaintiff must show "a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity requires, at a minimum, two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5). The predicate acts must be connected to the affairs and operations of the criminal enterprise. *See United States v Fowler,* 535 F.3d 408, 420-21 (6th Cir. 2008).

Defendants' alleged racketeering behavior is summarized in paragraphs 1192-1205 of the SAC. (Doc. 83 at ¶¶ 1209-1210). Yet all that Plaintiffs allege is that the Defendant hospitals, as a whole, conducted normal hospital activities such as allowing physicians to perform surgeries, ordering materials requested by physicians for surgeries, and paying physician salaries. Nowhere do Plaintiffs address how any Defendant's alleged conduct shows that the specific Defendant was part of a pattern of racketeering activity. *See H.J. Inc.,* 492 U.S. at 240.

Plaintiffs' claims wholly fail to properly allege a pattern of racketeering activity among these Defendants.

In sum, the SAC shall be dismissed because Plaintiffs fail to allege properly or plausibly the elements of a federal racketeering violation.[10]

---

[10] Any failure to warn claims alleged against the Medtronic Defendants are preempted by 21 U.S.C. § 360(k) as interpreted by the Supreme Court in *Riegel v. Medtronic., Inc.*, 552 U.S.312, 321 (2008). Plaintiffs cannot avoid this preemption by recasting the failure to warn claim as a RICO claim. *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litigation*, 590 F. Supp. 2d 1282, 1290 (C.D. Cal. 2008) (refusing to "permit Plaintiffs to use RICO as a vehicle to enforce the FDCA and the regulations promulgated thereunder."). "The FDA provides no private right of action for violations thereof, and what the FDCA does not create directly, RICO cannot create indirectly." *Id*. at 1290.

## VII. THE MOTIONS TO DISMISS THE SAC SHALL BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE CORRUPT ACTIVITIES ACT, OHIO REV. CODE § 2923.31.

The SAC also alleges that the Defendants' conduct constitutes a violation of the Ohio Corrupt Activities Act, Ohio Rev. Code 2923.31, *et seq.*

The Ohio RICO statute is "patterned after" the federal RICO statute. *U.S. Demolition & Contracting v. O'Rourke,* 640 N.E.2d 235, 240 (Ohio Ct. App. 1994). As such, Ohio courts will look to federal case law applying RICO to determine how to apply the Ohio RICO statute. *Id.* Thus, Ohio federal courts have ruled that the analysis of the federal RICO claim "applies equally" to the analysis of the Ohio RICO claim when these claims are asserted in the same action. *Id.* at 857, 859.

For the same reasons Plaintiffs' federal RICO claims fail, Plaintiffs' Ohio RICO claim also fails. In attempting to plead their Ohio RICO claim, Plaintiffs do little more than make generic allegations of the violation of associated Ohio statutes against "All named Defendants."

## VIII.  CONCLUSION

Plaintiffs' SAC fails to properly state a claim. Plaintiffs' so-called RICO claims are nothing more than a repackaged attempt to recover damages for personal injuries caused by alleged medical malpractice – a recovery not permitted under the RICO statutes. Moreover, Plaintiffs completely fail to allege the necessary elements of a federal RICO or Ohio RICO claim with any specificity or factual support. Accordingly,

and given that this Court, in its September 12, 2013 Order, has already warned Plaintiffs that "failure to amend properly, as ordered and pursuant to rule, may be cause for dismissal" (Doc. 76 at 7), all Defendants' pending motions to dismiss are **GRANTED**, and all of Plaintiffs' claims against all named Defendants are hereby dismissed with prejudice, as Plaintiffs have thoroughly demonstrated that any further leave to amend would be futile.

The Clerk shall enter judgment accordingly, whereupon this case is terminated in this Court.

**IT IS SO ORDERED.**

Date:  3/12/14                                                                                     *s/ Timothy S. Black*
                                                                                                                Timothy S. Black
                                                                                                                United States District Judge